Judge Underwood,
delivered the opinion of the court.
William Orr having purchased a slave at a sale made by the sheriff, in virtue of executions in favor of Pickett, &c. against the estate of Alex. D. Orr, Griffin &c. claiming the slave, united with Wra. Orr and Wm. Payne, his surety in the sale bond, in filing a bill in chancery, the object of which was to enjoin the collection of the sale bond, and secure, the title of the slave to Griffin and wife, Andrews and *389 wife and Mary B. Orr. The circuit court sustained a demurrer to the bill, dismissed it with costs, and dissolved the injunction which had been granted with damages. Griffin, &c. appealed.
On the disso •“■Iu°nnoti°0fn'113 the amount of damages ^“ifned and fixed, by the court, on the decrecí ^
Petition for a re-hearing.
Wm. D. Griffin, Andrews and wife, &c. appellants against John Pickett, Pcrrion, &c.
We refer to the opinion delivered during the last fall term, in the case of A. D. Orr & ux. &c. against John Pickett, &c. for all the facts upon which the claim of Griffin and ux. &c. to the slave purchased by Wm. Orr as aforesaid, is founded.
The principles maintained in the case of McGhee vs. Ellis and Browning, IV. Litt. 244, and acquiesced in during the last spring term, (see opinion in the case of Forsythe, &c. vs. Ellis) prove that there was no sufficient ground for enforcing the amount of the sale bond in rhc present proceeding. The court, therefore, properly dismissed the bill. But there is error in the decree for damages.
1st. Because their amount is not ascertained and fixed by the court upon the face of the decree.
2d. Because they are given against all the complainants, when they should only have been decreed against Wm. Orr and his surety Payne, the obligors in the sale bond.
Wherefore, the decree for damages is reversed and set aside, with directions to enter a decree in conformity to this opinion.
Each party in this court must pay their own costs.